UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BLERON BARALIU,                     Civil Action No. 306CV1286(AVC)
       Plaintiff

v.

VINYA CAPITAL, L.P. and           December 4, 2006
MICHAEL deSa,
       Defendants

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

The Plaintiff, by his attorney, Alfred J. Smith, Jr., Esq., respectfully opposes the Defendants' Motion to Dismiss the Plaintiff's Complaint pursuant to Fed. Rules of Civ. Pro. Rules 12(b)(3), 12(b)(6) and 9(b). A Memorandum of Law supporting this opposition is being filed simultaneously herewith.

WHEREFORE, for the reasons set forth in Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, the Plaintiff respectfully moves this Honorable Court to deny Defendants' Motion to Dismiss the Plaintiff's Complaint, in its entirety.

ORAL ARGUMENT

IS NOT REQUESTED

The Plaintiff,
Bleron Baraliu
By His Attorney,

*[signature]*

Alfred J. Smith, Jr., Esq. (CT01381)
706 Bedford Street
Stamford, CT 06901
Tel: (203) 359-3200
Fax: (203) 348-8092
Email: ajslaw706@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was served upon the following, via first class mail postage prepaid, to:

Tani E. Sapirstein, Esq.
SAPIRSTEIN & SAPIRSTEIN, P.C.
1350 Main Street, 12th Floor
Springfield, MA 01103

*[signature]*

Alfred J. Smith, Jr., Esq.

Date: December 4, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**BLERON BARALIU**                                                            Civil Action No. 306CV1286(AVC)
      **Plaintiff**

v.

**VINYA CAPITAL, L.P. and**                            December 4, 2006
**MICHAEL deSa,**
      **Defendants**


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff, Bleron Baraliu, by his attorney, Alfred J. Smith, Jr., Esq., respectfully submits this Memorandum of Law in opposition to Defendants' Motion to Dismiss Plaintiff's Complaint.

**ARGUMENT**

The Defendants have moved, pursuant to Fed. R. Civ. P. 12(b)(3), 12(b)(6) and 9(b) to dismiss Plaintiff's Complaint. Defendants argue that Plaintiff's claims against the Defendants arise under, or in connection with, a written employment agreement that contains a mandatory forum selection clause designating the United States District Court for the Southern District of New York or the state courts of New York as the exclusive forum and jurisdiction for this action. Plaintiff argues that while the original agreement may have contained that wording, that Agreement was amended and revised by a number of other agreements, one on April 11, 2005, another on September 12, 2005, and several other verbal agreements which further changed the employment and compensation entitlements of the Plaintiff and the agreement between the parties. Plaintiff further avers that the original agreement was negotiated and executed in Connecticut, this Court's jurisdiction, the several written amendments were negotiated and

1

executed in Connecticut and the additional verbal agreements between the Plaintiff and the Defendants were also negotiated in Connecticut. Further, The Defendants are headquartered in Connecticut, all of the work Plaintiff performed under the various employment agreements was performed in Connecticut, the business records of the Defendants are kept at the Defendants' headquarters in Stamford, Connecticut, the witnesses to the claims outlined in Plaintiff's Complaint are residents of Connecticut, and, in fact, Defendants' Counsel is a member of the Connecticut bar, with offices in Springfield, MA, adjacent to the site of this Court, in Hartford. Frankly, the only connection to the Federal and State Courts in the State of New York is the mention of them in the *original* Agreement of the parties which has since been revised and changed at least several times in writing, and several more times verbally, all without ratifying or even mentioning the previous forum selection clause.

The wording of the first revision of the Agreement, on April 11, 2005, (Defendants' Exhibit C) which is referred to as a Letter Agreement and (which) "amends your original Employment Agreement with Vinya Capital, L.P. dated August 24, 2004" unequivocally states the following: "In the event of any conflict between this Letter Agreement and your original Employment Agreement, this Letter Agreement shall govern." This Letter Agreement contained no forum selection clause, was composed and written solely by the Defendants on their corporate stationery, with no input from the Plaintiff, the Defendants chose the very exact wording of this Agreement, and it was negotiated and executed at the Defendants' headquarters in Stamford, Connecticut, within the jurisdiction of this Court.

The September 12, 2005 revision contained the following wording: "As per our recent discussions, this Letter Agreement amends your original Employment Agreement with Vinya Capital, L.P. dated August 24, 2004 and subsequent Addendum dated April 11, 2005. In the

2

event of any conflict between this Letter Agreement and your original Employment Agreement or Addendum, this Letter Agreement shall govern (but only to the extent of any such inconsistency)." Again, this *Second* Letter Agreement contained no forum selection clause, was composed and written solely by the Defendants, with no input from the Plaintiff, and the Defendants chose the very exact wording of this Agreement, it was written on their corporate stationery, and it was executed in Stamford, Connecticut, within the jurisdiction of this Court. In addition, there were several more verbal revisions of this Employment Agreement, and these Agreements were made before witnesses who will be produced and deposed during the discovery phase, and these witnesses will testify at the trial of these matters that there was never any mention of any forum selection clause, or even a mention that any claims against the Company would have to be brought in New York.

In fact, Defendants presented these revisions to the Plaintiff to be signed at that moment, without even allowing Plaintiff any time to have these revisions reviewed by counsel. The Defendants controlled the writing and the wording of these Agreements, they had every opportunity to restate the forum selection clause, and they chose not to. And, as the sole author of these agreements, the Defendants must be held to a higher standard in interpreting the wording, and the meaning of the revised Letter Agreements.

In the *original* Employment Agreement (Defendants Exhibit B), the Defendants repeat, numerous times, in paragraph 13 that *This Letter Agreement* shall be "governed by …….the internal substantive laws ……of the State of New York, that "the exclusive forum for the determination of all disputes in connection with *this Letter Agreement,* (will be) the jurisdiction of the United States District Court for the Southern District of New York and the jurisdiction of any court of the State of New York. " But the subsequent Letter Agreements, written by the Defendants, clearly state that "In the event of any conflict ………this Letter Agreement shall

3

govern. There *is* a conflict and both Letter Agreements are silent on any mandatory forum. Therefore, the Plaintiff maintains that there is no mandatory forum selection clause in effect between the parties.

### Defendants' Motion to Dismiss under Fed. Rule Civ. Proc. 12(b)(6)

The Defendants' Motion to Dismiss under Fed. Rule Civ. Proc. 12(b)(6) must fail. Courts have traditionally looked with disfavor on granting Motions to Dismiss, Acoustica Assoc. Inc. v. Powerton Ultrasonics Corp. 28 FRD 16, and have granted Motions to Dismiss sparingly. The main reason is the basic precept that the primary objective of the law is to obtain a determination on the merits of the claim, a case should be tried on the proofs rather than on the pleadings. Further, a Plaintiff should be given a chance to amend a complaint which fails to state a claim upon which relief can be granted. Platsky v. CIA 952 F. 2d 26.

In a 12(b)(6) Motion to Dismiss, the complaint is liberally construed and is viewed in the light most favorable to the Plaintiff. Scheuer v. Rhodes 416 US 232.

On a Motion to Dismiss, a Federal Court presumes that general allegations embrace those specific facts that are necessary to support the claim. Lewis v. Casey 116 S Ct 2174.

In addition, the well pleaded allegations of fact contained in the Complaint, Gladstone Realtors v. Bellwood 441 US 91, and every inference fairly deducible therefrom, AAMCO Automatic Transmissions, Inc. v. Tayloe 368 F Supp 1283, are accepted as true for purposes of the motion, including facts alleged on information and belief, Fernandez-Montes v. Allied Pilots Ass'n 987 F. 2d 278.

The Plaintiff requests this Honorable Court to apply these same principals to his Complaint.

4

### Defendants' Motion to Dismiss under Fed. Rule Civ. Proc. 12(b)(3)

The Plaintiff is not representing to this Court that the forum selection clause is unfair, or grave inconvenience, or unenforceable as under <u>Juliano v. Cecil Saydah</u> 304CV1091 as noted by Defendants, although there certainly are arguments that it is. <u>Seward v. Devine</u> 888 F. 2d 957. Under <u>Seward</u> the United States Court of Appeals, 2nd Circuit, declined to dismiss the fraud, and other claims, on the basis of the forum selection clause. In <u>AVC Nederland B.V. v. Atrium Investment Partnership</u> 740 F. 2d 148, noted by Defendants in their Motion to Dismiss, the Court noted that had Appellant argued that the forum selection clause did not apply to a claim that the Agreement was induced by fraud, we might have entertained some doubt on this score. That is precisely what the Plaintiff argues in his complaint and in his opposition to Defendants' Motion to Dismiss. Defendants induced Plaintiff to enter the original Agreement by fraud and misrepresentation, continued to induce Plaintiff to agree to the April 11, 2005 and September 12, 2005 Letter Agreements and further induced Plaintiff to forego bonuses and other compensation by additional fraud, knowingly false statements made by Defendant DeSa, and other misrepresentation. Also, in <u>New Moon Shipping Co. Ltd v. MAN B & W DIESAL AG</u> 121 F. 3d 24, quoted by Defendants in their Motion to Dismiss, Plaintiff represents that it supports the instant case where " some invalidity such as fraud" is attached to it or that the Plaintiff is at least entitled to an evidentiary hearing.

But, in the instant case, rather than argue that the forum selection clause is unfair, inconvenient or unenforceable, Plaintiff represents to this Court that this case is distinguishable from <u>Juliano</u>, <u>supra</u>, in that the forum selection clause is no longer in effect, having been eliminated by the several Letter Agreements subsequent to the initial Employment Agreement, making the matter moot.

5

The Plaintiff represents to the Court that there is a distinct dispute between the parties that the forum selection clause remains in effect and this requires an evidentiary hearing by a trier of fact.

### Defendants' Motion to Dismiss under Fed. Rule Civ. Proc. 9(b)

Under Fed. Rule Civ.Proc.9(b) this Court may allow leave to amend the Complaint if the Court were to find that any of the claims, or Counts, lacked the particularity required to plead these claims. <u>Carl Sandburg Village Condominium Ass'n v. First Condominium Development Co.</u> 758 F. 2d 203, and, as noted by Defendants in their Motion, fraudulent intent may be pled generally, a plaintiff must allege facts that give rise to a "strong inference" of fraudulent intent. <u>Shields v. Citytrust Bancorp, Inc.</u> 25 F. 3d 1124, which continued, a strong inference can be established either "(a) by alleging facts to show the defendants had both the motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." The facts alleged in Count V satisfy either of these two-pronged tests and this will be proven during witnesses depositions or testimony at trial.

### Defendants' Motion to Dismiss Plaintiff's Breach of Contract Claims

The Defendants seek to dismiss Plaintiff's Counts One through Four, the Breach of Contracts claims, under the theory that all four counts are open to dismissal due to the "Plaintiff's disregard of the mandatory forum selection clause. For all the reasons previously outlined in Plaintiff's Opposition to Defendants Motion to Dismiss, the Plaintiff respectfully disagrees.

The testimony of witnesses during their depositions and at trial and Defendants' company records will form the basis for Plaintiff's proofs of his entitlements under these four breach of contract claims.

6

### **Defendants' Motion to Dismiss Plaintiff's Fraud Claim**

While Defendants seek to have Plaintiff's fraud claim dismissed for lack of specificity and particularity, the Plaintiff requests this Court view this fraud claim in the light most favorable to the Plaintiff. <u>Platsky</u>, supra., also <u>Scheuer</u>, supra, and <u>Lewis</u>, supra.

The fraud committed by the Defendants, Vinya and deSa, was on a massive scale and pervaded the entire enterprise. deSa lied about the amount he was personally investing in Vinya to induce the Plaintiff to leave another firm and join the Defendants. He lied about the $250 million that Vega had committed to invest in Vinya, he lied about the $500 million that "country EQ" was going to invest in Vinya, and he lied about the $50 million that MBIA was going to invest in Vinya knowing that such an investment by MBIA would be in violation of securities and banking regulations. This fraud will be proven by the sworn testimony of witnesses during discovery and trial, by the company financial and business records and by the actual investments made by deSa, Vega, "country EQ" and MBIA which were nowhere near the amounts that Defendants assured the Plaintiff would be invested. The Plaintiff will testify about how he was induced to forego bonuses and compensation and was forced to "invest" in Vinya by this fraud, costing him millions of dollars.

The Plaintiff relied on the assurances and promises of the Defendants, to his detriment. In <u>Virginia Bankshares, Inc. v. Sandberg</u> 111 S. Ct 2749, the Court held (as in the instant case) that a statement of reason, opinion or belief can be a material fact if the person who makes the statement is reasonably presumed to have expertise, to have access to internal corporate information and to owe an obligation to exercise judgment in the interest of the shareholders. The Plaintiff was promised 2.5 percent of the equity in Defendant, Vinya, agreed to forego bonuses and other compensation in return for this ownership, relied on the information deSa

7

provided to him, which deSa knew was false, was not going to happen, and may, in fact have been illegal and prohibited by securities and banking regulations.

### Defendants Motion to Dismiss Plaintiff's Wrongful Termination Claim

While Defendants represent to this Court that Plaintiff's employment with Defendants was "at will', Plaintiff alleges that his employment was changed by the Letter Agreements previously discussed. These Agreements, and the promised ownership in the Defendant, Vinya made by deSa gave the Plaintiff protections beyond mere "at will" employment status. Public Policy is violated when an employee, or part owner of a business is defrauded out of earned compensation entitlements or ownership or equity rights, unjustly enriching the Defendants, and allowing what amounts to securities fraud to incur. The Defendants knew that allowing MBIA, and perhaps other investors to invest at a certain level, representing more than a certain percentage of the entire fund was in violation of securities regulations and terminated the Plaintiff when he questioned these investments, or planned investments. Further, Plaintiff's employment was terminated, on November 28, 2005 when he wouldn't sign a Separation Agreement that the Defendants demanded he sign which would have required him to forfeit earned compensation and equity ownership.

### Defendants' Motion to Dismiss Plaintiff's Defamation Claim

Under Platsky, supra, the Plaintiff requests leave to amend his Complaint to plead the particulars of this claim if this Court finds the Complaint fails to satisfy the requirements of defamation and the damages to his career and earning potential caused by the actions of the Defendants.

### Defendants' Motion to Dismiss Plaintiff's Claim
### For Intentional Infliction of Emotional Distress.

The Plaintiff distinguishes his claim from the facts noted by Defendants in Emanuele v. Baccaccio & Susanin CV9003796. In the instant case, the Defendants knew that Plaintiff and his spouse were in the final stages of her pregnancy, knew they were about to close on a home purchase, and knew, or should have known, that the termination of Plaintiff's employment at this time would inflict emotional severe distress due to the impending birth and home purchase, that Defendants' conduct was extreme and outrageous, designed to force Plaintiff to settle his claims against the Defendants for a fraction of what he was owed and entitled to and that the emotional distress sustained by the Plaintiff was severe.

Witnesses will testify during discovery and at trial of the Defendants knowledge of these facts and their intentional and deliberate acts toward the Plaintiff during this time.

### Defendants' Motion to Dismiss Plaintiff's CUTPA Claim

Defendants Motion to Dismiss Plaintiff's CUTPA Claim ignores several important facts. The Plaintiff was more than an employee of the Defendants. Based on the promises of the Defendants to induce Plaintiff to waive his entitlements to promised, and earned, bonuses and other compensation, Defendants promised Plaintiff 2.5 percent ownership in Defendant, Vinya. This made Plaintiff more than an employee, under the numerous cases cited by Defendants. It made the Plaintiff an owner and an investor.

Defendants pleads lack of the requisite "ascertainable loss" necessary to state a claim for a CUTPA violation. These losses, to Plaintiff and to other investors, will be proven by witnesses during their sworn testimony during discovery and by their testimony at trial, as well as through the business records of the Defendants which will be required to be produced by Defendants

9

during discovery.

Finally, this Count of Plaintiff's Complaint is clearly distinguishable from <u>Criscuola v. Shaheen</u>, 736 A. 2d 947. Plaintiff's claims are more than speculation. He was induced to waive hundreds of thousands of dollars (if not millions of dollars) of bonuses and other compensation in return for ownership in the Defendants' company. Plaintiff's claims are specific regarding his damages and an audit of Defendants company records, or a review of Defendants' audited records during discovery will prove the exact amount of Plaintiff's losses. The Plaintiff had no avenue or ability to reach or obtain these records without pursuing this lawsuit.

## **CONCLUSION**

Based on the foregoing, Defendants' Motion to Dismiss Plaintiff's Complaint must be denied because the forum selection clause was no longer in effect or valid between the parties. Further, Plaintiff's Complaint clearly pleads causes of action under breach of contract, fraud, wrongful termination, intentional infliction of emotional distress, and CUTPA and must be allowed to proceed to discovery. The Defendants' Motion to Dismiss should be denied in all respects.

If, however, this Honorable Court holds that the forum selection clause remains in effect, and that this action should have been brought in the United States District Court for the Southern District of New York (or the courts of the State of New York), then the Plaintiff respectfully requests that this Honorable Court allow the transfer or removal of this action to the United States District Court for the Southern District of New York.

Likewise, if this Honorable Court finds that Plaintiff's Complaint, and claims, have not be pleaded with the required particularity, then the Plaintiff respectfully requests leave to amend his Complaint to satisfy these requirements.

Respectfully submitted,

BLERON BARALIU,
Plaintiff

Dated: December 4, 2006

By /s/ Alfred J. Smith
Alfred J. Smith, Jr., Esq. (CT01381)
706 Bedford Street
Stamford, CT 06901
Tel: (203) 359-3200
Fax: (203) 348-8092
Email: ajslaw706@aol.com

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following via first class mail, postage prepaid, to:

Tani E. Sapirstein, Esq.
Sapirstein & Sapirstein, P.C.
1350 Main Street, 12th Floor
Springfield, MA 01103

/s/ Alfred J. Smith
Alfred J. Smith, Jr. Esq.

December 4, 2006

11