```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

BLERON BARALIU,                    :
   Plaintiff,                      :
                                   :
v.                                 :    Civil No. 3:06CV1286(AVC)
                                   :
VINYA CAPITAL, L.P.; and           :
MICHAEL DESA,                      :
   Defendants.                     :
```

### RULING ON THE DEFENDANTS' MOTION TO DISMISS

This is an action for damages. It is brought pursuant to common law tenets concerning breach of contract, wrongful discharge, fraud, misrepresentation, and intentional infliction of emotional distress, as well as the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, et seq. The plaintiff, Bleron Baraliu, alleges that the defendants, Vinya Capital, L.P. ("Vinya") and Michael deSa should be held liable for inducing the plaintiff to enter into an employment contract and for inducing the plaintiff to remain in the employ of the defendants.

The defendants now move to dismiss all causes of action contained within the complaint, pursuant to Rules 12(b)(3), 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, on the grounds of improper venue, failure to state a cause of action, and failure to plead fraud with sufficient particularity.

The issues presented are whether the forum selection clause contained in the parties' agreement is enforceable, and if so, whether this Court should dismiss or transfer the case.

For the reasons hereinafter set forth, the motion to dismiss (document no. 8) is GRANTED in part.

## FACTS

Examination of the complaint discloses the following:

The defendant, Vinya, a hedge fund management company whose principal place of business is in Connecticut, employed the plaintiff, Bleron Baraliu, a New Jersey resident. The defendant, deSa, is the managing partner of Vinya. On August 24, 2004, Baraliu signed an employment contract (the "original agreement") with Vinya to be employed as a Foreign Exchange/Emerging Markets Trader. The original agreement included a forum selection clause.[1] Thereafter, Baraliu began his employment. On April 11, 2005, Baraliu signed a Letter Agreement (the "amended

---

[1] The original agreement provided in pertinent part: "[The parties], without regard to domicile, citizenship or residence, hereby expressly and irrevocably submit to, as the exclusive forum for the determination of all disputes arising under or in connection with this [original agreement], the jurisdiction of the United States District Court for the Southern District of New York and the jurisdiction of any court of the State of New York."

2

agreement"), which amended the original agreement.[2]  The amended agreement did not mention the forum selection clause.

The complaint alleges that the defendants made several promises to Baraliu, including the promise of a bonus of $1,000,000.  The complaint further alleges that Baraliu relied on these promises, and thereafter continued his employment with Vinya, foregoing other employment opportunities.  On August 17, 2006, Baraliu initiated the present suit in the United States District Court for the District of Connecticut.  Defendants thereafter filed a timely motion to dismiss.

## STANDARD

A motion to dismiss pursuant to Federal Rule 12(b)(3) involves a determination as to whether the plaintiff has properly established venue pursuant to 28 U.S.C. § 1391.  When venue is improper within the district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); see also Peckio v. Shay, 708 F. Supp. 75, 76 (S.D.N.Y. 1989) (holding § 1406(a) "explicitly contemplates dismissal unless otherwise warranted").  When a court decides a

---

[2] The amended agreement provides in pertinent part: "this [amended agreement] amends your [original agreement] with Vinya Capital . . . in the event of any conflict between this [amended agreement] and your [original agreement], this [amended agreement] shall govern."

motion to dismiss, "it is appropriate to consider documents upon which the complaint relies and which are integral to the complaint . . . without converting the motion to one for summary judgment." Stamm v. Barclays Bank of NY, 960 F.Supp. 724, 730 (S.D.N.Y. 1997); see also New Moon Shipping Co v. Man B&W Diesel AG, 121 F.3d 24, 30 (2d Cir. 1997) (considering material beyond the pleadings). The defendant may introduce documents as exhibits, such as the employment agreements, when the plaintiff has chosen not to attach these pertinent documents. Yak v. Bank Brussels Lambert, 252 F.3d 127, 130 (2d Cir. 2001).

Pursuant to 28 U.S.C. § 1404(a) (1988), "[f]or the convenience of the parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The determination of the propriety of a transfer under § 1404(a) requires an "individualized, case-by-case consideration of convenience and fairness." Van Dusen v. Barrack, 376 U.S. 612, 622 (1964).[3]

---

[3] The district court should consider factors such as: 1) the plaintiff's choice of forum; 2) where the operative facts occurred; 3) the convenience of the parties; 4) the convenience of the material witnesses; 5) the availability of process to compel the appearance of an unwilling witness, and; 6) other considerations affecting the interests of justice. Miller v. Meadowlands Car Imports, Inc., 822 F. Supp. 61, 66 (D. Conn. 1993).

4

**DISCUSSION**

The defendants first argue that this matter should be dismissed on the "grounds of improper venue . . . ." Specifically, the defendants argue that "this Court should enforce the forum selection clause, and should do so by dismissing the Complaint rather than by transferring the case."

Baraliu responds that the "defendants induced plaintiff to enter into the original agreement by fraud. . . ." Baraliu also responds that "the forum selection clause was no longer in effect or valid between the parties . . . [because] while the original agreement may have contained [a forum selection clause], that Agreement was amended and revised by a number of other agreements." In the alternative, Baraliu "requests that this Honorable Court allow the transfer of this action to the United States District Court for the Southern District of New York."

Forum selection clauses have "historically not been favored by American courts." The Bremen v. Zapata Off-Shore Co., 47 U.S. 1, 6 (1972). More current jurisprudence, on the other hand, illustrates that forum selection clauses are "*prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." Id. at 10. Moreover, the "Second Circuit has a strong policy of

enforcing forum selection agreements." <u>Elite Parfums, Ltd v. Rivera</u>, 872 F. Supp. 1269, 1271 (S.D.N.Y. 1995).

A forum selection clause is enforceable, unless, however, it is shown that "to enforce it would be 'unreasonable and unjust' or that some invalidity such as fraud or overreaching is attached to it." <u>New Moon Shipping Co v. Man B&W Diesel AG</u>, 121 F.3d 24, 30 (2d Cir. 1997); (quoting <u>The Bremen v. Zapata Off-Shore Co.</u>, 47 U.S. 1, 10 (1972)).  There are four ways in which to render a forum selection clause unenforceable, the first being of particular importance to the present case, specifically, "if [its] incorporation into the agreement was the result of fraud."[4] <u>Juliano v. Cecil Saydah Co.</u>, No. 3:04CV1091, 2005 U.S. Dist. LEXIS 2930, at *1 (D. Conn. Feb. 28, 2005); <u>see also</u> <u>Vertucci v. Orvis</u>, No. 3:05CV1307, 2006 U.S. Dist. LEXIS 38320, at *8 (D. Conn. May 30, 2006) (holding that forum selection clause exceptions to be construed narrowly); <u>Stamm v. Barclays Bank of NY</u>, 960 F.Supp. 724, 729 (S.D.N.Y. 1997) (holding that a "claim

---

[4] The following are the four ways to render a forum selection clause unenforceable: 1) if its incorporation into the agreement was the result of fraud or overreaching; 2) grave inconvenience or unfairness of the selected forum; 3) fundamental unfairness; and 4) if the clause contravenes a strong public policy of the forum state. <u>Roby v. Corporation of Lloyd's</u>, 996 F.2d 1353, 1363 (2d Cir. 1993); <u>see also</u> <u>Stamm v. Barclays Bank of NY</u>, 970 F.Supp. 724, 729 (2d Cir. 1997).

of fraud in the inducement of a contract is insufficient to invalidate a forum selection clause").

A plaintiff "bears a heavy burden . . . in order to escape the contractual clause." <u>Vertucci v. Orvis</u>, No. 3:05CV1307, 2006 U.S. Dist. LEXIS 38320, at *8 (D. Conn. May 30, 2006); <u>see also</u> <u>Juliano v. Cecil Saydah Co.</u>, No. 3:04CV1091, 2005 U.S. Dist. LEXIS 2930, at *1 (D. Conn. Feb. 28, 2005); <u>New Moon Shipping Co v. Man B&W Diesel AG</u>, 121 F.3d 24, 29 (2d Cir. 1997) (holding that the burden is on the plaintiff to make a "strong showing in order to overcome the presumption of enforceability"). Further, the "party resisting a forum selection clause 'must overcome a substantial presumption in favor of enforcement'." <u>Vertucci v. Orvis</u>, No. 3:05CV1307, 2006 U.S. Dist. LEXIS 38320, at *8 (D. Conn. May 30, 2006); (quoting <u>Indymac Mortgage Holdings, Inc. v. Reyad</u>, 167 F.Supp.2d 222, 244 (D. Conn. 2001)).

In overcoming the presumption in favor of enforcement, a plaintiff must show that the forum selection clause itself was the product of fraud. <u>Envirolite v. Glastechnische</u>, 53 B.R. 1007, 1012 (S.D.N.Y. 1985); <u>see also</u> <u>Stamm v. Barclays Bank of NY</u>, 960 F.Supp. 724, 730 (S.D.N.Y. 1997) (holding that "it is well established that plaintiffs must demonstrate that the forum selection clauses were incorporated . . .by fraud or overreaching

to defeat defendants' motion to dismiss . . . .[I]t is the inclusion of those specific claims that must have been induced by fraud"). Furthermore, a "party may not avoid the effect of a forum selection clause by merely alleging fraud in the inducement of the contract at issue." AI Credit Corporation v. Liebman, 791 F. Supp. 427, 430 (S.D.N.Y. 1992).

In the present case, Baraliu has failed to demonstrate in what way the forum selection clause itself was induced by fraud. Baraliu argues that the "fraud committed by the defendants was on a massive scale, [including] inducing the plaintiff to enter the original Agreement by fraud and misprepresentation, . . . lying about the amount being invested in Vinya to induce the Plaintiff to leave another firm, . . . and further induced Plaintiff to forego bonuses and other compensation by additional fraud, knowingly false statements made by defendants." Notably, none of these assertions indicate that the forum selection clause itself was induced by fraud. Therefore, even if the court assumes as true all of the fraud allegations, there is still no basis for refusing to uphold the forum selection clause itself.

Further, while Baraliu may not have had access to certain records before discovery, Baraliu has still not set forth a fact specific claim that the forum selection clause itself was induced

by fraud.  Stamm v. Barclays Bank of NY, 960 F.Supp. 724, 730 (S.D.N.Y. 1997) ("Plaintiffs must plead specific fraudulent acts or statements by which defendants induced their consent to these clauses").  Without specific assertions that the forum selection clause was incorporated as a result of plaintiff's fraud, the forum selection clause is enforceable.

Baraliu further contends that "there is no mandatory forum selection clause in effect between the parties" because (a) the original agreement was amended, and (b) these amendments to the original agreement did not "ratify or even mention the previous forum selection clause and [is] silent on any mandatory forum." Baraliu further aruges that this silence resulted in a conflict that eliminated the forum selection clause.  See Stamm v. Barclays Bank of NY, 960 F.Supp. 724, 730 (S.D.N.Y. 1997).  This argument is without merit because case law is clearly to the contrary.  See Marine Transport Lines v. Int'l Org. of Masters, Mates & Pilots, 696 F.Supp. 1, 16 (S.D.N.Y. 1988), aff'd 878 F.2d 41 (2d Cir. 1989).  In Marine Transport, the court held that "the governing contract may be said to be composed of the new terms and the unchanged terms of the old."  696 F.Supp. at 16; see also 22A N.Y. Jur.2d Contracts § 474 (2006) (the contract "consists not only of the new terms agreed upon but as many of the terms of

9

the original contract as the parties have not abrogated by their modification"); <u>Sony Financial Services, LLC v. Multi Video Group, Ltd.</u>, No. 03 Civ. 1730, 2005 U.S. Dist. LEXIS 1740, at *18 (S.D.N.Y. Jan. 18, 2005) ("the unmodified provisions of the original agreement continue to be enforceable"). Thus, the forum selection clause in the original agreement remains in effect, despite any lack of reference or any mention of the forum selection clause in the amended agreement.

## **CONCLUSION**

For the foregoing reasons, the defendants' motion to dismiss is GRANTED in part. The forum selection clause being enforceable, this matter is to be transferred to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404.

It is so ordered this 7th day of May, 2007 at Hartford, Connecticut.

_____/s/_____
Alfred V. Covello
United States District Judge