UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

BLERON BARALIU,                                                   No. 07-cv-04626 (MHD)

                     Plaintiff,

    -against-
                                                                 **NOTICE OF**
VINYA CAPITAL, L.P. and MICHAEL deSa,                             **MOTION**

                     Defendants.

------------------------------------------------------------------x

       PLEASE TAKE NOTICE that, upon the annexed affidavit of Morlan Ty Rogers, Esq., the exhibits annexed thereto, the accompanying Memorandum of Law and all prior papers and proceedings herein, the undersigned hereby moves before the Honorable Michael H. Dolinger, United States Magistrate Judge, in the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, for an Order, pursuant to Rules 12(c) and 9(b) of the Federal Rules of Civil Procedure, for judgment on the pleadings dismissing Counts One, Two, Five, Six and Seven of plaintiff's amended complaint herein for failure to state a claim and failure to plead fraud with particularity, and granting such other and further relief as may be just and proper.

       PLEASE TAKE FURTHER NOTICE that, by direction of Magistrate Judge Michael H. Dolinger, opposing affidavits and memoranda of law, if any, must be served upon the undersigned on or before May 9, 2008 and must be filed with the Court

in accordance with applicable rules. Unless such affidavits and memoranda of law are timely served and filed, the relief sought herein may be granted.

Dated: New York, New York
     April 17, 2008

VANDENBERG & FELIU, LLP

By: _____
    Morlan Ty Rogers (MR 3818)
Attorneys for defendants
110 East 42nd Street, Suite 1502
New York, NY 10017
(212) 763-6800

To:    Alfred J. Smith, Jr. Esq.
       Attorney for plaintiff
       706 Bedford Street
       Stamford, CT 06901
       (203) 359-3200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

BLERON BARALIU,

                Plaintiff,

    -against-

VINYA CAPITAL, L.P. and MICHAEL deSa,

                Defendants.

------------------------------------------------------------------x

No. 07-cv-04626 (MHD)

**AFFIDAVIT**

STATE OF NEW YORK    )
                            ) ss.:
COUNTY OF NEW YORK  )

       MORLAN TY ROGERS, being duly sworn, deposes and says:

       1.    I am a member of the bar of this Court and Of Counsel to Vandenberg & Feliu, LLP, attorneys for defendants Vinya Capital, L.P. and Michael deSa, and respectfully submit this affidavit in support of their motion for an Order, pursuant to Rules 12(c) and 9(b) of the Federal Rules of Civil Procedure, for judgment on the pleadings dismissing Counts One, Two, Five, Six and Seven of plaintiff's amended complaint (the "Amended Complaint") for failure to state a claim and failure to plead fraud with particularity.

       2.    Plaintiff originally commenced this action on August 17, 2006 in the United States District Court for the District of Connecticut, where it was assigned to the Honorable Alfred V. Covello, United States District Judge under case no. 3:06-cv-01286-AVC.

3. Plaintiff's original complaint (the "Original Complaint") asserts eight causes of action – breach of contract (Counts One through Four), fraud and misrepresentation (Count Five), wrongful termination and defamation (Count Six), intentional infliction of emotional distress (Count Seven), and violation of the Connecticut Unfair Trade Practices Act (Count Eight). A copy of the Original Complaint is annexed hereto as Exhibit "A".

4. Several of the claims in the Original Complaint – i.e., the breach of contract and fraud claims – arise under, or in connection with, a written employment agreement that contains a mandatory forum selection clause designating the instant Court or the state courts of New York as the exclusive forum and jurisdiction for this action. Because of this, defendants moved to dismiss Counts One through Five based on improper venue. Said motion also sought dismissal of Counts Five through Eight based on failure to state a claim and failure to plead fraud with particularity.

5. In a Ruling dated May 7, 2007 (Exhibit "B" hereto), Judge Covello granted defendants' motion to the extent of transferring the entire action to the instant Court on the basis of the forum selection clause. Said Ruling did not address or rule upon the branches of defendants' motion seeking dismissal of Counts Five, Six, Seven and Eight of the Original Complaint pursuant to Rules 12(b)(6) and 9(b) for failure to state a claim and failure to plead fraud with particularity.

6. Upon transfer to this Court, defendants moved to dismiss those claims before the Honorable Victor Marrero, the District Judge to whom this case was assigned. Before plaintiff served opposing papers, Judge Marrero held a conference and requested that the parties attempt to resolve the issues raised in the motion in an amended

2

pleading. Although defendants sought discontinuance of multiple counts, plaintiff's proposed amended complaint dropped only Count Eight which alleged a CUTPA claim. It was agreed that defendants would serve an answer and they reserved their right to challenge the sufficiency of the remaining counts in a subsequent motion. Thereafter, plaintiff served his Amended Complaint (Exhibit "C" hereto), defendants served their Answer and Counterclaims (Exhibit "D" hereto), and plaintiff served an Answer to the Counterclaims (Exhibit "E" hereto).

       7.    The parties agreed to proceed for all purposes before a Magistrate Judge (Exhibit "F" hereto). Pursuant to Judge Marrero's April 4, 2008 Order of Reference (Exhibit "G" hereto), this case was assigned for all purposes to Magistrate Judge Michael H. Dolinger. The parties' Civil Case Management Plan and Scheduling Order specifically contemplates the within motion for judgment on the pleadings. (Exhibit "H" hereto).

       8.    As set forth in the accompanying Memorandum of Law, the Amended Complaint does not resolve the pleading defects of the Original Complaint. The fraud claim (Count Five) is legally insufficient and must be dismissed pursuant to Fed. R. Civ. P. 12(c) and 9(b) for failure to state a claim and failure to plead fraud with particularity.

       9.    In addition, plaintiff's claims for wrongful termination and defamation (Count Six) and intentional infliction of emotional distress (Count Seven) fail to state a claim, requiring judgment dismissing those claims pursuant to Fed. R. Civ. P. 12(c).

10. Moreover, plaintiff's breach of contract claim (Count One) for a $150,000 bonus allegedly due under plaintiff's original employment agreement with Vinya (Exhibit "I" hereto) is conclusively refuted by the terms of a subsequent Addendum (Exhibit "J" hereto) which extinguished plaintiff's right to such a bonus, thereby warranting judgment dismissing that claim pursuant to Fed. R. Civ. P. 12(c).

11. Finally, plaintiff's second breach of contract claim (Count Two) is legally insufficient as a matter of law. Plaintiff's entitlement to a $1,000,000 investment in Vinya Global Fund, LLC was expressly conditioned on (1) the aggregate assets under management in Vinya Global Portfolio, Ltd reaching $300,000,000 and (2) plaintiff still being employed by Vinya if and when Vinya's assets reached such level. These conditions precedent never occurred, and the Amended Complaint does not allege that they did.

WHEREFORE, it is respectfully requested that the Court grant the within motion in all respects.

_____
MORLAN TY ROGERS

Sworn to before me this
17th day of April, 2008

_____
Notary Public

**JESSICA L. MORAN**
Notary Public, State of New York
No. 01MO6139766
Qualified in Rockland County
Commission Expires 1/23/10

4