**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Bleron Baraliu<br>  Plaintiff | Civil Action No. |
| v. | JURY TRIAL DEMANDED |
| Vinya Capital, L.P. and<br>Michael deSa, individually, and in his<br>  capacity as Principal and Owner of<br>  Vinya Capital, L.P.<br>  Defendants | 3 0 6 C V 1 2 8 6 AVC<br><br>August 17, 2006 |

## COMPLAINT

Plaintiff, Bleron Baraliu, by his attorney, Alfred J. Smith, Jr., Esq., for his Complaint,

hereby states:

### PRELIMINARY STATEMENT

1.   This is a civil action in which the Plaintiff seeks an award of damages for injuries and

losses suffered as the result of the actions of Defendants, including violations of contract terms

and conditions, wrongful discharge, fraud, misrepresentation and deceit, intentional infliction of

emotional distress, and violations of the Connecticut Unfair Trade Practices Act, plus punitive

damages, interest, costs and attorneys fees.

### JURISDICTION

2.   Jurisdiction is conferred on this Court by 28 U.S.C. section 1332 since this action arises

under Diversity of Citizenship as the parties are citizens of different states. Venue is proper in

this District as Defendant Vinya Capital, L.P., a Hedge Fund management company, on

information and belief, is a Limited Partnership with its principal place of business in Stamford,

Connecticut. Defendant deSa is a resident of Rye, New York.  Plaintiff is a resident of

Millburn, New Jersey who was employed by the Defendants in Connecticut. The amount in

controversy exceeds $1,000,000 exclusive of interest, costs and attorneys fees.

1

## PARTIES

3.   The Plaintiff, Bleron Baraliu (BARALIU), is a resident of Millburn, New Jersey.

4.   Upon information and belief, at all times relevant to this action, Defendant, Vinya Capital, L.P., (VINYA), a Hedge Fund management company and Limited Partnership, had, and has, its principal place of business in Stamford, Connecticut.

5.   Upon information and belief, Michael deSa (DESA) is a resident of Rye, New York.

## COUNT ONE

6.   On or about September 7, 2004 BARALIU entered into a contract with VINYA and DESA under which he would be employed as a Foreign Exchange/Emerging Markets Trader. This contract promised BARALIU, among other benefits, a base salary of $175,000 per year, a signing bonus of $50,000 and further guaranteed bonuses of $100,000 and $150,000.

7.   BARALIU commenced his employment and performed his duties, obligations and responsibilities with a high degree of excellence and proficiency. Despite this performance by BARALIU, VINYA has refused to fulfill its obligations under this employment contract, including, but not limited to, the payment of the $150,000 bonus due January 1, 2006, ignoring several demands by BARALIU for its payment.

8.   Therefore, BARALIU seeks damages of $150,000 under the terms of this employment contract with VINYA and DESA plus interest, costs and attorneys fees under this COUNT.

## COUNT TWO

9.   During the term of his employment VINYA and DESA made promises to, and entered into further contractual relationships, with BARALIU under which VINYA and DESA promised to pay BARALIU a bonus of $1,000,000. BARALIU relied on the promise made by VINYA and DESA, continued to fulfill all of his obligations and requirements to receive this bonus, and continued his employment with VINYA, thereby foregoing other employment opportunities.

2

10. Despite these promises and contractual obligations, VINYA and DESA have refused to pay BARALIU this $1,000,000 bonus, ignoring several demands by BARALIU for its payment.

11. Therefore, BARALIU seeks damages of $1,000,000 under the terms of this promise and contractual obligation by VINYA and DESA plus interest, costs and attorneys fees under this COUNT.

COUNT THREE

12. During the term of his employment VINYA and DESA made promises to, and entered into further contractual relationships, with BARALIU under which VINYA and DESA promised to pay BARALIU a performance bonus of $500,000 for 2005. BARALIU relied on the promises of VINYA and DESA, fulfilled all his obligations and requirements to receive this bonus, and continued his employment with VINYA, thereby foregoing other employment opportunities.

13. Despite these promises and contractual obligations, VINYA and DESA have refused to pay BARALIU this $500,000 bonus, ignoring several demands by BARALIU for its payment.

14. Therefore, BARALIU seeks damages of $500,000 under the terms of this promise and contractual obligation by VINYA and DESA plus interest, costs and attorneys fees under this COUNT.

COUNT FOUR

15. During the term of his employment VINYA and DESA made promises to, and entered into further contractual relationships, with BARALIU under which VINYA and DESA promised to grant BARALIU two and one half percent ownership in Vinya Capital, L.P. BARALIU relied on these promises of VINYA and DESA, fulfilled all his obligations and requirements to receive this grant of ownership, and continued his employment with VINYA, thereby foregoing other employment opportunities.

16. Despite this promise and contractual obligation, VINYA and DESA have refused to grant

3

BARALIU this two and one half percent ownership or payment of the value of this ownership to BARALIU in lieu of the actual grant, ignoring several demands by BARALIU for its payment or grant.

17. Therefore, BARALIU seeks damages, to be proven at the trial of these matters, under the terms of these promises and contractual obligations by VINYA and DESA, of not less than $250,000 plus interest, costs and attorneys fees under this COUNT.

## COUNT FIVE

18. During the term of his employment VINYA, through its Principal and Owner, DESA, made knowingly false statements to BARALIU regarding the financial strength of VINYA, the amount of investment DESA had made and was continuing to make in VINYA, the amount of investments other financial institutions were making in VINYA, including that Vega Asset Management had committed to seed VINYA with an investment of $250 million, that MBIA was going to invest $50 million in Vinya Capital, L.P and that "country EQ" was going to invest over $500 million in VINYA during 2005 and 2006

19. These statements were made by DESA on behalf of VINYA to induce BARALIU to forego payment of promised bonuses and ownership grants. DESA and VINYA intended BARALIU to rely on these knowingly false statements. In fact, BARALIU did rely on these false statements, to his detriment, and was induced through this fraud and misrepresentation to forego payment of promised bonuses and ownership grants.

20. Therefore, BARALIU seeks damages of $2,000,000 from VINYA and DESA plus punitive damages and interest, costs and attorneys fees under this COUNT for fraud and misrepresentation.

## COUNT SIX

21. On, or about November 28, 2005, VINYA and DESA presented BARALIU with a

4

Separation Agreement and demanded that BARALIU accept and sign it without allowing BARALIU the opportunity to have the agreement reviewed by his counsel. When BARALIU refused to sign and accept the agreement, his employment was wrongfully terminated based on false claims by DESA that BARALIU had violated company policy and false comments about his performance.

22. Due to this wrongful termination of his employment, and damage to his professional reputation, BARALIU was unable to find comparable employment and compensation for a period of time, and was forced to accept employment at a lower compensation than his experience and expertise should warrant. This wrongful termination and false accusation will also affect BARALIU's future earnings.

23. Therefore, BARALIU seeks $2,000,000 plus punitive damages, interest, costs and attorneys fees under this COUNT for wrongful termination and defamation.

### COUNT SEVEN

24. VINYA and DESA had knowledge that these false accusations would damage BARALIU's career, would interfere with his employment prospects and that BARALIU's wife was expecting a child. Further, VINYA's and DESA's false accusations and misrepresentations regarding BARALIU's employment performance, VINYA's and DESA's wrongful termination of BARALIU's employment, and VINYA's and DESA's refusal to pay BARALIU his bonuses and grant the promised ownership were all made to intentionally inflict emotional distress on BARALIU, which they did.

25. Therefore, BARALIU seeks $1,000,000 plus punitive damages, interest, costs and attorneys fees under this COUNT for intentional infliction of emotional distress.

### COUNT EIGHT

26. During the term of BARALIU's employment by VINYA, Vinya Capital, L.P., through

5

its Principal and Owner, DESA, engaged in unfair or deceptive acts in the conduct of its

Hedge Fund business by making false and misleading statements to its employees and investors,

regarding the amount of investment committed to VINYA, the amount of guaranteed seed

investment and the amount of VINYA's assets under management which may have induced

investors, including MBIA, to violate SEC regulations, all in violation of the Connecticut Unfair

Trade Practices Act.

27. These deceptive trade practices may have affected the earnings and value of VINYA

which prevented VINYA and DESA from paying BARALIU's bonus compensation, and

affected the value of BARALIU's promised ownership in VINYA.

28. Therefore, BARALIU seeks $5,000,000 in damages plus punitive damages, interest,

costs and attorneys fees under this COUNT for violation of the Connecticut Unfair Trade

Practices Act.

## REQUEST FOR RELIEF

The Plaintiff, having been damaged by the actions of the Defendants, seeks the following forms

of relief:

1. Compensatory damages as pled in the Counts of this Complaint,

2. Punitive damages,

3. Attorneys fees, interest and costs,

4. Such other relief as the Court deems just and equitable.

PLAINTIFF,
BLERON BARALIU,

By _____
Alfred J. Smith, Jr., Esq. (CT01361)
706 Bedford Street
Stamford, CT 06901
Tel. (203) 359-3200
Fax. (203) 348-8092
Email: ajslaw706@aol.com

6