UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

BLERON BARALIU,   No. 07-cv-04626 (VM)

               Plaintiff,

  -against-

VINYA CAPITAL, L.P. and MICHAEL deSa,   **ANSWER AND COUNTERCLAIMS**

               Defendants.   **Defendants demand a trial by jury of all triable issues**

-----------------------------------------------------------------x

      Defendants Vinya Capital, L.P. ('Vinya") and Michael deSa ("deSa"), by their attorneys, Vandenberg & Feliu, LLP, as and for their Answer to the Amended Complaint dated October 5, 2007, allege as follows:

      1.    Deny the allegations in paragraph 1 of the Amended Complaint, except admit that plaintiff seeks an award of damages in this action.

      2.    Deny the allegations in paragraph 2 of the Amended Complaint, except admit that plaintiff purports to assert jurisdiction under 28 U.S.C. § 1332.

      3.    As to paragraph 3 of the Amended Complaint, admit that venue is proper in this District but deny that this is because of the location of Vinya's principal place of business.

      4.    Deny the allegations in paragraph 4 of the Amended Complaint.

      5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Amended Complaint, except admit that

plaintiff was formerly employed by Vinya, and deny that plaintiff was ever employed by deSa.

6. Deny the allegations contained in paragraph 6 of the Amended Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint.

8. Deny the allegations contained in paragraph 8 of the Amended Complaint, except admit that Vinya is an investment management company and limited partnership with its principal place of business in Stamford, Connecticut.

9. Deny the allegations contained in paragraph 9 of the Amended Complaint.

**ANSWERING COUNT ONE**

10. Deny the allegations contained in paragraph 10 of the Amended Complaint, except admit that plaintiff and Vinya entered into a letter agreement dated August 24, 2004 (the "Employment Agreement") and respectfully refer this Court to the text of said Employment Agreement for its terms and conditions and the full force and effect thereof.

11. Deny the allegations contained in paragraph 11 of the Amended Complaint, except admit that plaintiff commenced his employment with Vinya.

12. Deny the allegations contained in paragraph 12 of the Amended Complaint.

13. As to paragraph 13 of the Amended Complaint, admit that plaintiff seeks damages of $150,000 under Count One of the Amended Complaint but deny the remaining allegations of said paragraph.

### ANSWERING COUNT TWO

14. Deny the allegations contained in paragraph 14 of the Amended Complaint, except aver that the Employment Agreement was amended by a letter agreement/addendum dated April 11, 2005 and signed by plaintiff and Vinya, and respectfully refer this Court to the text of said letter agreement/addendum for its terms and conditions and the full force and effect thereof.

15. Deny the allegations contained in paragraphs 15 through 19 of the Amended Complaint.

16. As to paragraph 20 of the Amended Complaint, admit that plaintiff seeks damages of $1,000,000 under Count Two of the Amended Complaint but deny the remaining allegations of said paragraph.

### ANSWERING COUNT THREE

17. Deny the allegations contained in paragraphs 21 through 25 of the Amended Complaint.

18. As to paragraph 26 of the Amended Complaint, admit that plaintiff seeks damages of $500,000 under Count Three of the Amended Complaint but deny the remaining allegations of said paragraph.

### ANSWERING COUNT FOUR

19. Deny the allegations contained in paragraphs 27 through 31 of the Amended Complaint.

20. As to paragraph 32 of the Amended Complaint, admit that plaintiff seeks damages under Count Four of the Amended Complaint but deny the remaining allegations of said paragraph.

### ANSWERING COUNT FIVE

21. Deny the allegations contained in paragraphs 33 through 40 of the Amended Complaint.

22. As to paragraph 41 of the Amended Complaint, admit that plaintiff seeks damages of $3,000,000 under Count Five of the Amended Complaint but deny the remaining allegations of said paragraph.

### ANSWERING COUNT SIX

23. Deny the allegations contained in paragraphs 42 through 44 of the Amended Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Amended Complaint.

25. Deny the allegations contained in paragraphs 46 through 49 of the Amended Complaint.

26. As to paragraph 50 of the Amended Complaint, admit that plaintiff seeks damages of $3,000,000 under Count Six of the Amended Complaint but deny the remaining allegations of said paragraph.

### ANSWERING COUNT SEVEN

27. Deny the allegations contained in paragraphs 51 through 53 of the Amended Complaint.

28. As to paragraph 54 of the Amended Complaint, admit that plaintiff seeks damages of $2,000,000 under Count Seven of the Amended Complaint but deny the remaining allegations of said paragraph.

### ANSWERING THE REQUEST FOR RELIEF

29. Deny that plaintiff is entitled to the damages and other relief set forth in the Request for Relief.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

30. The Amended Complaint must be dismissed, in whole or in part, because it fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

31. The Amended Complaint must be dismissed, in whole or in part, because deSa is not a party to any of plaintiff's agreements with Vinya and cannot be held liable for any alleged breach thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

32. The Amended Complaint must be dismissed, in whole or in part, on account of waiver and estoppel.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

33. The obligation set forth in the letter agreement/addendum dated April 11, 2005 to invest $1 million in plaintiff's name in the Vinya Global Fund, LLC was conditioned upon the aggregate assets managed by Vinya Global Portfolio, Ltd. reaching $300 million and upon plaintiff continuing to be employed by Vinya at the time of such occurrence.

34. The Amended Complaint must be dismissed, in whole or in part, because neither of these conditions precedent has occurred.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

35. The Amended Complaint must be dismissed, in whole or in part, because the documents allegedly constituting an agreement by defendants to grant plaintiff a 2.5 percent ownership interest in Vinya and the right to buy an additional 7.5 percent ownership in Vinya are void and unenforceable.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

36. The Amended Complaint must be dismissed, in whole or in part, by application of the doctrine of unclean hands.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

37. Vinya is not liable for punitive damages, to the extent that they are sought in the Amended Complaint, because neither it nor its officers, directors, employees or agents committed, authorized, or ratified any malicious, willful, or fraudulent acts alleged in the Amended Complaint.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE
### AND FIRST COUNTERCLAIM AND RECOUPMENT
### (BREACH OF FIDUCIARY DUTY)

38. Vinya repeats, reiterates and realleges the admissions, denials and other responses set forth in paragraphs 1 through 37 above as if fully set forth herein.

39. As an employee of Vinya, Plaintiff owed Vinya a fiduciary duty, including duties of good faith and loyalty and to refrain from misappropriating confidential documents and property of his employer.

40. Plaintiff breached these fiduciary duties by stealing a confidential Vinya document and by inducing a fellow employee to deceive Vinya as to the true whereabouts of said document.

41. During 2005, Vinya caused to be drafted a proposed further addendum to the Employment Agreement between plaintiff and Vinya. According to the terms of said proposal, plaintiff would become entitled, following full execution, to receive a two and one-half (2 ½) percent ownership interest in Vinya upon execution of further documentation, including a limited partnership agreement.

42. Although deSa signed this document on behalf of Vinya, neither he nor Vinya intended it to become an offer or to be accepted by plaintiff until such time as Vinya might decide in the future to deliver it to plaintiff for his signature. In connection therewith, deSa gave the document to Vinya's then chief financial officer, Christopher Pullen, and directed him to place this document and similar documents prepared for other Vinya employees in a locked file cabinet at Vinya's office.

43. Upon information and belief, on or about October 25, 2005, plaintiff went into the file cabinet, removed and took possession of the proposed addendum with respect to his Employment Agreement, all without the knowledge or consent of Vinya.

44. Plaintiff was not authorized to remove this document from the file cabinet.

45. Seeking to conceal his theft of the document until such time as he would assert it against Vinya, plaintiff asked Pullen to "assume its lost" [sic].

46. Shortly thereafter, Pullen left Vinya's employ. When Vinya asked Pullen before he left to retrieve the document, Pullen falsely responded that he had lost it.

47. Even though the document was never duly delivered to plaintiff and there was no meeting of the minds, plaintiff has wrongfully asserted that the document is a binding contract and that he is entitled to an ownership interest in Vinya.

48. The foregoing acts of theft and deception constitute breaches of plaintiff's fiduciary duty to Vinya.

49. Plaintiff therefore forfeited any rights to compensation which Plaintiff might otherwise have enjoyed under the Employment Agreement.

50. By reason of the foregoing breaches of fiduciary duty, Vinya has also incurred damages for which Plaintiff is liable.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE AND SECOND COUNTERCLAIM AND RECOUPMENT (MATERIAL BREACH OF CONTRACT AND BREACH OF FIDUCIARY DUTY)

51. Vinya repeats, reiterates and realleges the admissions, denials and other responses set forth in paragraphs 1 through 37 and 39 through 50 above as if fully set forth herein.

52. In the Employment Agreement, Plaintiff agreed not to disclose Vinya's confidential information to any other person or entity at any time without written permission from Vinya (the "Confidentiality Provision").

53. The Confidentiality Provision was a material term of the parties' contract.

54. Plaintiff committed material breaches of his Employment Agreement with Vinya and of his fiduciary duty to Vinya by disclosing confidential

documents belonging to Vinya and confidential financial data concerning Vinya to outside persons and entities without Vinya's permission.

55. For example, on November 22, 2005, Vinya's then chief financial officer, Christopher Pullen, emailed plaintiff to request that plaintiff send him confidential files concerning Vinya's clients from Vinya's computer system.

56. Upon information and belief, plaintiff complied with this request without notifying his superiors at Vinya or obtaining their permission.

57. On November 29, 2005, plaintiff disclosed, by email and internet messaging, confidential financial data concerning Vinya's profits and losses to Jeffrey Yarmouth of Barclays Bank and Ellen Schubert of UBS Securities. Such data was unaudited and plaintiff did not have Vinya's permission to distribute it.

58. The foregoing acts constitute breaches of a material provision of his Employment Agreement as well as breaches of his fiduciary duty to his employer.

59. By reason of these breaches of contract and fiduciary duty, Vinya has incurred damages for which Plaintiff is liable.

## DEMAND FOR TRIAL BY JURY

60. Defendants demand a trial by jury of all triable issues.

WHEREFORE defendants demand judgment against plaintiff as follows: (a) Judgment dismissing the Amended Complaint, (b) on the First Counterclaim, judgment against plaintiff in an amount to be determined by the Court, together with interest, (c) on the Second Counterclaim, judgment against plaintiff in an amount to be determined by the Court, together with interest, and (d) award of attorneys fees, costs, disbursements, and such other and further relief as to the Court seems proper.

Case 4:07-cv-04626-MD Document 28-5 Filed 04/15/2008 Page 9 of 10

Dated: New York, New York
November 15, 2007

                                                VANDENBERG & FELIU, LLP

                                                By: _____
                                                    Morlan Ty Rogers (MR 3818)
                                                Attorneys for defendants
                                                110 East 42nd Street, Suite 1502
                                                New York, NY 10017
                                                (212) 763-6800

To:    Alfred J. Smith, Jr. Esq.
        Attorney for plaintiff
        706 Bedford Street
        Stamford, CT 06901
        (203) 359-3200