UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**BLERON BARALIU**              No. 07CV04626(VM)
    **Plaintiff,**

v.

**VINYA CAPITAL, L.P. and MICHAEL deSa**   December 6, 2007
    **Defendants.**

**PLAINTIFF'S ANSWER AND DEFENSES TO DEFENDANTS' COUNTERCLAIMS**

The Plaintiff, Bleron Bariliu, by his Attorney, Alfred J. Smith, Jr., Esq. as and for his Answer and Defenses to Defendants' Counterclaims dated November 15, 2007, answers as follows:

**Defendants' First Counterclaim, Breach of Fiduciary Duty**

Paragraph 39:  Plaintiff admits he was an employee of Vinya but denies the balance of this Paragraph.

Paragraph 40:  Deny.

Paragraph 41:  Admits in part but denies that the addendum to the Employment Agreement between Plaintiff and Vinya was a proposed addendum. Further, Plaintiff denies that the addendum to the Employment Agreement required execution of further documentation.

Paragraph 42:  Deny, except that Plaintiff is without sufficient information to admit or deny any directions Defendants gave to their Chief Financial Officer regarding this addendum to Plaintiff's Employment Agreement.

Paragraph 43:  Deny.

Paragraph 44:  Deny.

Paragraph 45:  Deny.

Paragraph 46:  Deny, except Plaintiff acknowledges that Pullin left Vinya's employ. Plaintiff is

1

without sufficient information to admit or deny the details of any conversation between Pullin and the Defendants.

Paragraph 47:   Deny.

Paragraph 48:   Deny.

Paragraph 49:   Deny

Paragraph 50:   Deny.

**Defendants' Second Counterclaim, Material Breach of Contract and Breach of Fiduciary Duty**

Plaintiff repeats the admissions and denials and other responses set forth in paragraphs 39 through 50 above as if fully set forth herein.

Paragraph 52:   Admits in part but denies that this provision would prohibit Plaintiff from disclosing information to other employees or officers of Defendants during the normal course of his employment.

Paragraph 53:   Plaintiff is without sufficient information to admit or deny.

Paragraph 54:   Deny.

Paragraph 55:   Plaintiff is unable to admit or deny this allegation. If Plaintiff, an employee of the Defendants' on the date noted, was requested to provide information to an Officer of Defendants during the normal course, and in the scope of, his employment, he likely would have complied.

Paragraph 56:   Unable to admit or deny. See response to Paragraph 55, above.

Paragraph 57:   Deny.

Paragraph 58:   Deny.

Paragraph 59:   Deny that Plaintiff breached the contract or his fiduciary duty, or that Defendants have incurred any damages for which Plaintiff is liable

**Plaintiff's Affirmative Defenses Against Defendants' Counterclaims**

**As for the First Affirmative Defense:**

The Counterclaims must be dismissed, in whole or in part, because they fail to state a claim upon which relief can be granted.

**As for the Second Affirmative Defense:**

The Counterclaims must be dismissed, in whole or in part, under respondeat superior as all actions taken by Plaintiff, during his employment by Defendants, were taken under the direction of, and/or concurrence by, the Defendants.

**As for the Third Affirmative Defense:**

The Counterclaims must be dismissed, in whole or in part, on account of waiver and estoppel.

**As for the Fourth Affirmative Defense:**

The Counterclaims must be dismissed, in whole or in part, because Defendants breached the valid agreement between the Plaintiff and Defendants by refusing to grant the Plaintiff the promised ownership interest in Vinya or allowing the Plaintiff to purchase the promised additional ownership interest.

**As for the Fifth Affirmative Defense:**

The Counterclaims must be dismissed, in whole or in part, by application of the doctrine of unclean hands.

**As for the Sixth Affirmative Defense:**

The Counterclaims must be dismissed, in whole or in part, as Plaintiff denies any breach of contract, or breach of any fiduciary, or that Defendants have suffered any damages for which Plaintiff is liable.

**Demand for Trial by Jury**

Plaintiff demands a trial by jury on all triable matters.

**Wherefore,** Plaintiff demands judgment against the Defendants as follows:

(a) Judgment dismissing Defendants' Counterclaims;

(b) Judgment by the Court for the compensatory damages outlined in his Amended Complaint;

(c) Judgment by the Court for punitive damages to be proven at trial;

(d) Award by the Court of attorneys fees, interest and costs, and

(e) Such other relief as the Court deems just and equitable.

PLAINTIFF,
BLERON BARALIU,

By /s/ Alfred J. Smith, Jr.
Alfred J. Smith, Jr., Esq. (CT01381)
706 Bedford Street
Stamford, CT 06901
Tel: (203) 359-3200
Fax: (203) 348-8092
Email: ajslaw706@aol.com

## CERTIFICATION

I hereby certify that a copy of the above document was served upon the following, by email and by First Class Mail, postage prepaid.

Morlan Ty Rogers, Esq.
Vandenberg & Feliu
110 East 42nd Street, Suite 1520
New York, NY 10017
Email: mtrogers@vanfeliu.com

**December 6, 2007**