**Vinya Capital, L.P.**
1055 Washington Boulevard, 6th Floor
Stamford, Connecticut 06901

August 24, 2004

Mr. Bleron Baraliu
450 West 49th Street, Apt. 6
New York, NY 10019

                Re:    <u>Employment with Vinya Capital, L.P.</u>

Dear Bleron:

      This letter agreement (the "Letter Agreement") confirms our agreement regarding your employment by Vinya Capital, L.P. ("Vinya") on the terms described herein. You understand and agree that this Letter Agreement governs the terms of your employment with Vinya.

      1.    <u>Position and Responsibilities</u>. You will be employed by Vinya, commencing September 7, 2004, to perform those duties as may, consistent with your position as a Foreign Exchange/Emerging Markets trader, from time to time be assigned to you by Vinya or its representatives. In your business efforts, you agree to be committed 100% to Vinya's affairs, and you shall not own, manage, operate, control, perform services for, or otherwise carry on any other business or activity without the prior written consent of Vinya. You will use your best efforts to work for the betterment of Vinya.

      2.    <u>Compensation; Benefits</u>. You will receive a base salary of $175,000 per year. In addition, you shall be entitled to receive: (i) a one-time bonus upon commencement of your employment with Vinya of $50,000; (ii) a guaranteed bonus of $100,000 to be paid on July 1st, 2005; and (iii) a guaranteed bonus of $150,000 to be paid on January 1st, 2006. You will also be entitled to such incentive compensation for calendar year 2005 (payable, if awarded, in the first quarter of 2006) as may be awarded to you in the sole discretion of Vinya. No incentive compensation shall be due unless and until awarded in writing by Vinya, in its sole and absolute discretion. You will also receive, to the extent that you are eligible, the same other employment benefits and financial opportunities granted to other employees of similar position, pursuant to the policies of Vinya in effect from time to time.

      3.    <u>Employment at Will</u>. Either of us is free to determine that you should no longer be employed by Vinya and terminate your employment, which is "at will." Thus, you are free to leave at any time you choose, with or without cause; and Vinya is free to ask you to leave and terminate your employment, at any time, with or without cause. In the event that you decide to terminate your employment, you shall provide Vinya with at least 60 days' prior written notice (or such shorter notice period as Vinya in its sole discretion may permit) and assist in good faith in making your departure as smooth and non-disruptive as feasible, and attempt to make the transition and your departure as amicable and constructive as feasible.

4. <u>Compliance with Personal Account Trading Policies</u>. You agree that during the term of your employment with Vinya (the "Employment Period"), you will comply with the compliance policies and procedures of Vinya in effect and as amended from time to time by Vinya in its sole discretion. Specifically, you agree to comply with Vinya's policy relating to personal account trading, which will be provided to you by Vinya and which shall apply to you and any family member living with and/or dependent on you.

5. <u>Confidential Information</u>.
(a) You acknowledge and agree that all of Vinya's Intellectual Property Rights (as defined in Section 6(b) hereof) and all records and other information relating to the business, operations or services of Vinya or its affiliates not released to the general public, including, without limitation, any unpublished data (including analyses, compilations or studies), trading activities, internal memoranda, the identity of clients and prospective clients, information concerning each client's business and each client's unique investing needs, or any other confidential, secret or proprietary information, in any case relating to the business, operations or services of Vinya or its affiliates, whether reduced to writing or not, are confidential and the sole property of Vinya or its affiliates (all of the same being herein collectively called the "Confidential Information"). You acknowledge and agree that you will not, at any time during the Employment Period or at any time following the Employment Period, (i) directly or indirectly use any of the Confidential Information, except (as applicable) in the regular course of your employment with Vinya and only to the extent consistent with the responsibilities of your employment or (ii) disclose any of the Confidential Information to any other person or entity, except to the extent that Vinya may so authorize in writing. During the Employment Period as requested by Vinya, and automatically upon termination of your employment hereunder for any reason, you will promptly surrender to Vinya all Confidential Information then in your possession or under your control (including, without limitation, original documents and other materials and all duplicates or copies thereof, including handwritten or typed notes which reflect the Confidential Information in any manner). As used herein "affiliate" of a person or entity (the subject person or entity) shall mean any person or entity directly or indirectly controlling, controlled by or under common control with the subject person or entity.

(b) "Intellectual Property Rights" means (i) inventions, discoveries and related subject matter, whether or not patentable, and patent rights and rights, title and interest in letters patent and applications for letters patent, (ii) all rights, title and interest in trade secrets and trade secret rights, (iii) writings (including manuals and instructions), software, source code, works and copyrightable subject matter and copyright rights and rights, title and interest in copyrights and copyright registrations, (iv) rights, title and interest in know-how, technical information, processes, practices and systems, whether or not capable of protection by patent, copyright or trade secret law, (v) trademarks, trade names, service marks, emblems, logos, symbols and insignia and rights with respect thereto, including registrations and registration rights, and (vi) licenses granted by third parties of rights to use any of the foregoing.

6. <u>New Developments</u>.

(a) All developments, including trade secrets, discoveries, improvements, and ideas directly relating to or useable in Vinya's trading, investment or management activities, including but not limited to, in respect of securities (debt or equity), futures, forward and option contracts, swap contracts and any instruments or rights related thereto (collectively, "New Developments") or other Intellectual Property, which you (either by yourself or in conjunction with any other person or persons, including Vinya, its affiliates and other employees) shall bring to Vinya or shall conceive, make, develop or acquire knowledge of during the Employment Period, shall become and remain the sole and exclusive property of Vinya.

(b) You hereby assign, transfer, and convey to Vinya, and agree to so assign, transfer and convey, all of your right, title and interest in and to any and all such New Developments and to fully disclose all such New Developments in writing to Vinya as soon as practicable after the making, development or acquisition of knowledge thereof.

7. <u>Work For Hire</u>. During your employment, you shall disclose to Vinya all ideas and business plans which you develop during the course of your employment with Vinya that relate to securities (debt or equity), commodities, derivatives trading or the investment management business. You agree that Vinya is entitled to full ownership and control (including all Intellectual Property Rights) of all work which you produce in connection with or relating to your involvement with Vinya or its affiliates during the Employment Period.

8. <u>Successors</u>. This Letter Agreement shall bind and inure to the benefit of each of us and our respective heirs, successors, assigns and legal representatives.

9. <u>Notices</u>. Any notice or request required or permitted to be given hereunder shall be sufficient when in writing and delivered in person, by confirmed facsimile transmission, courier or by registered mail, return receipt requested, to the addresses and telecopy numbers herein below set forth or to any other address or telecopy number designated by the parties hereto by notice similarly given. Such notice shall be deemed to have been given upon the receipt thereof.

(i) If to Vinya:
Vinya Capital, L.P.
1055 Washington Blvd., 6th Floor
Stamford, Connecticut 06901
Telecopier: 203-355-1601
Attention: Michael deSa

(ii) If to Employee:
Bleron Baraliu
450 West 49th Street, Apt. 6
New York, NY 10019

10. <u>Background Checks</u>. Vinya reserves the right to perform background checks (including, without limitation, obtaining credit reports) on all employees.

3

11.   <u>Term; Survival</u>.  This Letter Agreement shall continue for as long as you are an employee of Vinya.  Sections 4 through 16 hereof shall further survive the termination of your employment with Vinya.

12.   <u>Entire Agreement; Amendment</u>.  This Letter Agreement contains the entire agreement between you and Vinya with respect to your employment by Vinya, and supersedes and fully substitutes for any and all prior agreements and understandings (whether written or oral) between us with respect to such employment, other than with respect to any incentive or deferred compensation or profit participation arrangements you may enter into with Vinya (although there can be no assurance that you will be permitted to participate in such arrangements, and such participation may be subject to additional conditions, including but not limited to your execution of a non-compete agreement with Vinya).  This Letter Agreement may be amended, modified or terminated at any time only by the mutual written agreement of the parties hereto.

13.   <u>Governing Law</u>.
(a)   This Letter Agreement shall at all times be governed by, and construed, interpreted and enforced in accordance with, the internal substantive laws (and not the choice of law rules) of the State of New York.
(b)   The parties to this Letter Agreement, acting for themselves and for their respective successors and assigns, without regard to domicile, citizenship or residence, hereby expressly and irrevocably submit to, as the exclusive forum for the determination of all disputes arising under or in connection with this Letter Agreement, the jurisdiction of the United States District Court for the Southern District of New York and the jurisdiction of any court of the State of New York.  Each of the parties hereto hereby waives any claims of inconvenient forum or venue.  Service of process, notices and demands, and any other notices or other communications required or permitted under this Letter Agreement, shall be deemed given if in writing and delivered as required by Section 14 hereof.

14.   <u>Breach of Agreement; Remedies</u>.
(a)   In addition to compensatory damages, any breach by you of any duties or obligations owed to Vinya with respect to this Letter Agreement shall entitle Vinya, without limiting Vinya's other available rights and remedies, to obtain a temporary or permanent injunction against you from any court of competent jurisdiction prohibiting you from violating such provision.  You hereby acknowledge that Vinya may not have an adequate remedy at law and may suffer irreparable damage should you breach any duty or obligation owed with respect to this Letter Agreement.  You further acknowledge that in any proceeding for an injunction, your ability to answer in damages shall not be a bar or interposed as a defense to the granting of such temporary or permanent injunction against you, and that Vinya shall be entitled to such other legal and equitable relief, without the posting of a bond, as a court shall determine.
(b)   You agree to reimburse Vinya for any and all costs, fees (including, without limitation, reasonable legal fees), expenses, and disbursements of Vinya in connection with Vinya's enforcement of this Letter Agreement.

15. <u>Severability</u>. If any provision of this Letter Agreement is held by a court of competent jurisdiction to be invalid, illegal or unenforceable, all other provisions of this Letter Agreement shall nevertheless remain in effect. Should any provision of this Letter Agreement not be fully enforceable in any jurisdiction, the remainder of this Letter Agreement (including the remainder, if any, of such provision) shall not be affected thereby.

16. <u>Opportunity to Consider</u>. You hereby acknowledge that you have been provided with reasonable opportunity (in no event less than twenty-four (24) hours) to consider the terms of this Letter Agreement prior to signing below.

If the foregoing correctly reflects our mutual agreement with respect to the matters set forth herein, please confirm by executing and returning a copy of this Letter Agreement to the undersigned (which execution and delivery may be by facsimile transmission and in counterpart, both of which counterparts together shall constitute one and the same instrument), whereby this Letter Agreement will be a binding agreement between you and Vinya in accordance with its terms.

Sincerely yours,

**VINYA CAPITAL, L.P.**
By: Vinya Management LLC, as General Partner

By: _____  8/24/04
Michael deSa, Managing Member


Confirmed and Agreed (as of
the date first written above):

_____  8/26/2004
**Bleron Baraliu**

5

NY1 5586826v5