UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

BLERON BARALIU,                                                      No. 07-cv-04626 (VM)

                   Plaintiff,

      -against-

VINYA CAPITAL, L.P. and MICHAEL deSa,

                   Defendants.

-----------------------------------------------------------x


**REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**


                                                   VANDENBERG & FELIU, LLP
                                                   Attorneys for defendants
                                                   110 East 42nd Street, Suite 1502
                                                   New York, NY 10017
                                                   (212) 763-6800

*Of Counsel*:
Alfred G. Feliu
Morlan Ty Rogers

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

REPLY ARGUMENT ................................................................................................................1

    POINT I

    COUNT FIVE FAILS TO STATE A
    CLAIM AND DOES NOT SATISFY THE
    REQUIREMENTS FOR PLEADING FRAUD ................................................................1

    POINT II

    COUNT SIX DOES NOT STATE A
    CLAIM FOR WRONGFUL TERMINATION ................................................................2

    POINT III

    COUNT SIX DOES NOT STATE
    A CLAIM FOR DEFAMATION......................................................................................3

    POINT IV

    COUNT SEVEN DOES NOT STATE A CLAIM FOR
    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ........................................4

    POINT V

    COUNTS ONE AND TWO ARE REFUTED BY DOCUMENTARY
    EVIDENCE AND FAIL TO STATE A CLAIM AS A MATTER OF LAW .....................7

CONCLUSION...........................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

Appleton v. Board of Educ. of Town of Stonington,
254 Conn. 205, 757 A.2d 1059 (Conn. 2000) ..................................................................6

Bailey v. New York Westchester Square Medical Centre,
38 A.D.3d 119, 829 N.Y.S.2d 30 (1st Dep't 2007) .........................................................4

Baraliu v. Vinya Capital, L.P., 3:06CV1286,
2007 WL 1346918 (D.Conn. May 7, 2007) ...................................................................8

Brady v. Calyon Securities, 406 F.Supp.2d 307
(S.D.N.Y. 2005) ..............................................................................................................2

Brett Fabrics, Inc. v. Garan, Inc., 170 A.D.2d 253,
565 N.Y.S.2d 521 (1st Dep't 1991) ................................................................................2

Carrol v. Allstate Ins. Co., 262 Conn. 433,
815 A.2d 119 (Conn. 2003) ............................................................................................4

Chambers v. Time Warner, Inc., 282 F.3d 147
(2d Cir. 2002) .................................................................................................................8

Cucchi v. New York City Off-Track Betting Corp.,
818 F.Supp. 647, 657 (S.D.N.Y. 1993) ..........................................................................6

Feick v. Fleener, 653 F.2d 69 (2d Cir. 1981) ......................................................................7

Howell v. New York Post Co., Inc., 81 N.Y.2d 115,
596 N.Y.S.2d 350 (N.Y. 1993) ......................................................................................4

J & J Util. Co. v. Windmill Village by the Sea Condo.
No. 1 Ass'n, 485 So.2d 36 (Fla. App. 1986) ..................................................................8

Latella v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
3:99CV1341, 1999 WL 1575685 (D. Conn. Nov. 24, 1999) .........................................5

Lincoln Place LLC v. RVP Consulting, Inc., 16 A.D.3d 123,
791 N.Y.S.2d 31 (1st Dep't 2005) ..................................................................................2

Matusovsky v. Merrill Lynch, 186 F.Supp.2d 397
(S.D.N.Y. 2002) .............................................................................................................8

Meade v. Yale University, No. CV054016155, 2006 WL 2730320
(Conn. Super. Sept. 7, 2006) ...........................................................................................4

Meyercord v. Curry, 38 A.D.3d 315, 832 N.Y.S.2d 29
(1st Dep't 2007) .............................................................................................................2

Miner v. Town of Cheshire, 126 F.Supp.2d 184
(D. Conn. 2000) .............................................................................................................6

Prentice v. Apfel, 11 F. Supp. 2d 420 (S.D.N.Y. 1998) ................................................7

Ranieri v. Lawlor, 211 A.D.2d 601, 622 N.Y.S.2d 30
(1st Dep't 1995) .............................................................................................................4

Ruggiero v. Contemporary Shells, Inc., 160 A.D.2d 986,
554 N.Y.S.2d 708 (2d Dep't 1990) ................................................................................6

Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471,
427 A.2d 385 (Conn. 1980) ...........................................................................................3

Stamm v. Barclays Bank of New York, 960 F.Supp. 724
(S.D.N.Y. 1997) .............................................................................................................7

Trans World Corp. v. Odyssey Partners, 561 F.Supp. 1315
(S.D.N.Y. 1983) .............................................................................................................2

Valenti v. Carten Controls Inc., 3:94CV1769,
1997 WL 766854 (D.Conn. Dec. 4, 1997) ....................................................................5

Yak v. Bank Brussels Lambert, 252 F.3d 127 (2d Cir. 2001) ...................................7, 8

### REPLY ARGUMENT

### POINT I

### COUNT FIVE FAILS TO STATE A CLAIM AND DOES NOT SATISFY THE REQUIREMENTS FOR PLEADING FRAUD

The fraud claim must be dismissed because it fails to state a claim and does not satisfy the particularity requirements for pleading fraud. Plaintiff argues that the Court should view this claim in the light most favorable to him. See Opposing Memorandum, p. 2. This, however, does not overcome the pleading deficiencies identified in our Moving Memorandum. The Opposing Memorandum, on pages 3-4, repeats the same conclusory and generalized allegations regarding representations allegedly made by deSa. Nowhere in the Opposing Memorandum does plaintiff specify why the purported representations were fraudulent. All he says is that "[t]hey were lies." See Opposing Memorandum, p. 3. He never reveals what supposedly was untrue about them, assuming they were made at all.

Plaintiff argues conclusorily that defendants had the motive and opportunity to commit fraud. As with the Amended Complaint itself, however, the Opposing Memorandum does not allege any facts even suggesting that defendants knew that the representations allegedly made by them were factually untrue when they were made, let alone allege any facts capable of giving rise to a "strong inference" that defendants had such knowledge, as required under Rule 9(b).

Plaintiff claims that inferences deducible from facts alleged on information and belief must be drawn in his favor. See Opposing Memorandum, p. 3. Where particularization in pleading is required, as with the instant fraud claim, factual

allegations pleaded on information and belief *must indicate the source* of such information and the reason for such belief.  <u>Trans World Corp. v. Odyssey Partners</u>, 561 F.Supp. 1315, 1323 (S.D.N.Y. 1983).  The Opposing Memorandum does not even refer to any particular facts alleged in the Amended Complaint on information and belief, let alone indicate their source or basis, as required.

Nowhere in the Amended Complaint does plaintiff assert that his reliance on defendants' alleged representations was reasonable.  On page 4 of the Opposing Memorandum, plaintiff belatedly makes such a claim, but utterly ignores the unanimous authority cited in the Moving Memorandum that reliance by an at-will employee on the kind of representations allegedly made by defendants is unreasonable as a matter of law and cannot support a fraud claim.  <u>Brady v. Calyon Securities</u>, 406 F.Supp.2d 307, 316-17 (S.D.N.Y. 2005); <u>Lincoln Place LLC v. RVP Consulting, Inc.</u>, 16 A.D.3d 123, 124, 791 N.Y.S.2d 31, 33 (1st Dep't 2005); <u>Brett Fabrics, Inc. v. Garan, Inc.</u>, 170 A.D.2d 253, 254, 565 N.Y.S.2d 521, 522 (1st Dep't 1991); <u>Meyercord v. Curry</u>, 38 A.D.3d 315, 316, 832 N.Y.S.2d 29, 31 (1st Dep't 2007).  The inability of plaintiff to establish reasonable reliance is fatal to his fraud claim and requires its dismissal.

## POINT II

### COUNT SIX DOES NOT STATE A <u>CLAIM FOR WRONGFUL TERMINATION</u>

Plaintiff's employment agreement with Vinya is expressly governed by New York law and designates plaintiff as an "at will" employee.  <u>See</u> Exhibit "I" to Moving Papers, ¶ 13(a) and ¶ 3.  Plaintiff does not challenge any of the caselaw cited in

our Moving Memorandum holding that *there is no such thing* as a claim for wrongful termination of an at-will employee under New York law.

Even if Connecticut law applied (and plaintiff has made no showing that it does), an at-will employee may be terminated at any time and for any reason or no reason so long as the termination does not violate an important public policy. Plaintiff claims that defendants "misidentif[ied] the findings" of <u>Sheets v. Teddy's Frosted Foods, Inc.</u>, 179 Conn. 471, 427 A.2d 385 (Conn. 1980). On the contrary, the Moving Memorandum, on page 12, expressly acknowledged that <u>Sheets</u> authorizes an at-will employee to bring a wrongful termination action under Connecticut law *but only where an important public policy was violated*. As the caselaw cited in the Moving Memorandum establishes, false accusations of dishonesty or criminality, even if intentional, are insufficient to state a claim for wrongful discharge in Connecticut as a matter of law, and plaintiff's opposing papers do not even attempt to show otherwise.

## POINT III

### COUNT SIX DOES NOT STATE A CLAIM FOR DEFAMATION

Plaintiff does not dispute any of the authorities cited in our moving memorandum, demonstrating that Count Six does not state a claim for defamation. Instead, plaintiff asks that this Court sustain this claim based on the page and a half of boilerplate citations in the first section of his opposing memorandum of law, entitled "Argument". The cases cited there merely set forth general standards for motions addressed to pleadings and have nothing to do with the particular requirements for stating a legally cognizable claim of defamation.

## POINT IV

## COUNT SEVEN DOES NOT STATE A CLAIM FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The Opposing Memorandum also fails to cure the deficiencies in plaintiff's purported claim for intentional infliction of emotional distress, and cannot sustain that claim under either New York or Connecticut law. Both states apply an identical, rigorous standard to such a claim, and permit recovery "only where the [defendant's] conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Howell v. New York Post Co., Inc., 81 N.Y.2d 115, 122, 596 N.Y.S.2d 350, 353 (N.Y. 1993); accord Carrol v. Allstate Ins. Co., 262 Conn. 433, 443, 815 A.2d 119, 126 (Conn. 2003).

Neither state will "allow a plaintiff to premise a claim of intentional infliction of emotional distress solely upon the fact that the plaintiff was terminated from his or her employment." Meade v. Yale University, No. CV054016155, 2006 WL 2730320 at *8 (Conn. Super. Sept. 7, 2006); Bailey v. New York Westchester Square Medical Centre, 38 A.D.3d 119, 125, 829 N.Y.S.2d 30, 35-36 (1st Dep't 2007) ("In an at-will employment situation such as here, termination of employment alone may not form the basis of an intentional infliction of emotional distress cause of action"). Indeed, a plaintiff may not interpose such a claim "as a means of circumventing [New York's] continuing refusal to recognize a cause of action for wrongful discharge." Ranieri v. Lawlor, 211 A.D.2d 601, 601, 622 N.Y.S.2d 30, 31 (1st Dep't 1995). See also Howell, supra, 81 N.Y.2d at 125, 596 N.Y.S.2d at 355-56 ("If an employer has the right to

4

discharge an employee, the exercise of that right cannot lead to a claim for infliction of emotional distress, however distressing the discharge may be to the employee").

Plaintiff argues that his termination, at a time when his wife was pregnant and they were about to purchase a home, is sufficient to state a claim for intentional infliction of emotional distress. In both states, however, the courts have rejected such claims in cases presenting even more compelling circumstances, such as where the plaintiff herself was pregnant. In Latella v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 3:99CV1341, 1999 WL 1575685 (D. Conn. Nov. 24, 1999), the plaintiff, a pregnant woman, was terminated by her employer and told to leave the premises immediately, just a few hours after she objected to her superior's ridiculing remarks about her appearance and hygiene and one day after she returned from a medical leave of absence. The court dismissed the plaintiff's claim on the pleadings as a matter of law.

> "Conduct that is merely insulting, that reflects bad taste or judgment, or that results in hurt feelings is not enough to maintain a cause of action for intentional infliction of emotional distress." [citation omitted]. Feld's insulting comments to plaintiff, even given her pregnant status, do not rise to the level of extreme and outrageous conduct.

Id. at *2 (emphasis added).

Similarly, in Valenti v. Carten Controls Inc., 3:94CV1769, 1997 WL 766854 (D. Conn. Dec. 4, 1997), the plaintiff, a pregnant woman claiming intentional infliction of emotional distress, alleged that her employer, before demoting her, had "criticiz[ed] her work unjustly, sp[oke] to her on numerous occasions in a loud, angry, accusatory voice and pound[ed] his fists, [showed a] demeaning attitude towards her, and [frequently alluded] to her option to quit if she was unhappy." Id. at *9. The court dismissed the claim, holding that "[t]his alleged conduct, even when viewed in the

5

context of Valenti's pregnancy and precarious financial situation, does not meet the required threshold of outrageousness." Id. at *9 (emphasis added).

In Ruggiero v. Contemporary Shells, Inc., 160 A.D.2d 986, 554 N.Y.S.2d 708 (2d Dep't 1990), the plaintiff alleged that the defendants harassed and ultimately discharged her due to her pregnancy. The court held as a matter of law that these allegations did not amount to "extreme and outrageous" conduct and therefore dismissed the plaintiff's intentional infliction of emotional distress claim. Ruggiero, supra, 160 A.D.2d at 987, 554 N.Y.S.2d at 708-09. See also Cucchi v. New York City Off-Track Betting Corp., 818 F.Supp. 647, 657 (S.D.N.Y. 1993) (holding that allegations that employer fired plaintiff soon after having a child for retaliatory and discriminatory reasons violative of state and federal law did not amount to outrageous behavior required for such a claim).

Unlike the plaintiffs in Latella, Valenti, and Ruggiero, supra, in the instant case it was not plaintiff but his wife who was pregnant at the time plaintiff left defendants' employ. It follows that there is even less basis for sustaining the intentional infliction of emotional distress claim here than there was in Latella, Valenti, and Ruggiero, where such claims were dismissed as a matter of law.

Plaintiff has not cited any cases holding otherwise. Indeed, the intentional infliction of emotional distress claims in the two cases relied upon by plaintiff were expressly dismissed on the ground that the conduct alleged was "not sufficiently extreme or outrageous to support" such a claim. Miner v. Town of Cheshire, 126 F.Supp.2d 184, 195 (D. Conn. 2000); Appleton v. Board of Educ. of Town of Stonington, 254 Conn. 205, 212, 757 A.2d 1059, 1063 (Conn. 2000).

6

## POINT V

## COUNTS ONE AND TWO ARE REFUTED BY DOCUMENTARY EVIDENCE AND FAIL TO STATE A CLAIM AS A MATTER OF LAW

Where the documents upon which a claim is based show on their face the absence of any grounds for relief, the Court should dismiss the claim. Feick v. Fleener, 653 F.2d 69, 75 (2d Cir. 1981). In the Moving Memorandum, defendants demonstrated that Counts One and Two, asserting claims for breach of contract, are flatly negated by the terms of plaintiff's original employment agreement (Exhibit "I" to Moving Papers) and the subsequent addendum thereto (Exhibit "J" to Moving Papers). *Plaintiff does not challenge this.* Nor does he claim that these documents are inauthentic, that his signatures on them are not genuine, that he did not rely on them, or that they are not integral to his pleading.

Instead, plaintiff objects to dismissal of these breach of contract claims on the sole ground that it is legally improper for the Court to consider these documents on a motion for judgment on the pleadings.

The law, of course, is to the contrary. See Yak v. Bank Brussels Lambert, 252 F.3d 127, 130 (2d Cir. 2001); Prentice v. Apfel, 11 F. Supp. 2d 420, 424 (S.D.N.Y. 1998); Stamm v. Barclays Bank of New York, 960 F.Supp. 724, 730 (S.D.N.Y. 1997).

Indeed, the propriety of considering these documents on a motion addressed to the pleadings, such as the instant motion, has already been established. Earlier in the instant case, the United States District Court for the District of Connecticut (the Court from which the instant case was transferred) expressly held that defendants properly introduced the employment agreements as exhibits to their motion to dismiss notwithstanding plaintiff's failure to attach them to his complaint, and that defendants'

7

use of such pertinent documents on the motion to dismiss did *not* "convert[] the motion to one for summary judgment."  Baraliu v. Vinya Capital, L.P., 3:06CV1286, 2007 WL 1346918 at *1 (D.Conn. May 7, 2007) (citing Yak, supra, 252 F.3d at 130).

In opposition, plaintiff cites Chambers v. Time Warner, Inc., 282 F.3d 147 (2d Cir. 2002).  In that case, however, the Second Circuit specifically *upheld* this Court's consideration of recording contracts between the parties, which the defendants attached as exhibits to their motion to dismiss, since those contracts were "integral to the Amended Complaint."  Chambers, supra, 282 F.3d at 153.

Plaintiff also cited a *state court* case, "J & J Util. Co. v. Windmill Village by the Sea Condo. No. 1 Ass'n, 485 So.2d 36," without even bothering to indicate the state from which the decision was issued.  See Opposing Memorandum, p. 7.  Whatever the law is in that state (Florida), the Federal Court System has its own rules governing pleading motions, as discussed above, and those rules clearly permit consideration of the employment agreement documents here.  Even a cursory review of those documents compels dismissal of plaintiff's contractual claims.

Moreover, those claims -- to the extent that they are asserted against deSa personally -- must also be dismissed since the contents of the employment agreement documents demonstrate that deSa was not a party in his personal capacity to plaintiff's employment agreement with Vinya.  Plaintiff's opposing papers do not dispute this.  The conclusory allegations to the contrary in plaintiff's pleading, contradicted by documentary evidence, cannot defeat the instant motion.  Matusovsky v. Merrill Lynch, 186 F.Supp.2d 397, 400 (S.D.N.Y. 2002).

## **CONCLUSION**

Based on the foregoing, Counts One, Two, Five, Six and Seven of the Amended Complaint must be dismissed for failure to state a claim under Rule 12(c), and Count Five must also be dismissed for failure to satisfy the requirements for pleading fraud under Rule 9(b). The within motion should be granted in all respects.

Respectfully submitted,

VANDENBERG & FELIU, LLP
Attorneys for defendants

By: *[signature]*
Morlan Ty Rogers (MR 3818)
110 East 42nd Street, Suite 1502
New York, NY 10017
(212) 763-6800

*Of Counsel*:
Alfred G. Feliu
Morlan Ty Rogers