UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

BLERON BARALIU,

                Plaintiff,

    -against-

VINYA CAPITAL, L.P. and MICHAEL deSa,

                Defendants.

--------------------------------------------------------------------x

No. 07-cv-04626 (MHD)

**AFFIDAVIT**

STATE OF NEW YORK    )
                               ) ss.:
COUNTY OF NEW YORK  )

        MORLAN TY ROGERS, being duly sworn, deposes and says:

        1.    I am a member of the bar of this Court and Of Counsel to Vandenberg & Feliu, LLP, attorneys for defendants Vinya Capital, L.P. and Michael deSa, and respectfully submit this affidavit in support of their motion for an Order, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, granting summary judgment dismissing the two remaining claims in plaintiff's amended complaint herein (the "Amended Complaint") on the ground that there is no genuine issue as to any material fact and defendants are entitled to judgment as a matter of law.

        2.    Defendants' Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 follows the within affidavit.

        3.    Only two claims remain in the Amended Complaint – (a) Count Three, a breach of contract claim alleging that Plaintiff is entitled to $500,000 from Vinya as a performance bonus for 2005, and (b) Count Four, a breach of contract claim

alleging that Plaintiff was promised a grant of a two and one-half (2 ½) percent ownership interest in defendant Vinya, as well as the right to purchase another seven and one-half (7 ½) percent interest at a discounted price. See Memorandum and Decision dated March 31, 2009, p. 35, annexed hereto as Exhibit "J", and Amended Complaint, ¶¶ 21-32, annexed hereto as Exhibit "G".

    4.    As set forth in the accompanying Memorandum of Law, there is no genuine issue as to any material fact and no merit to the two remaining claims in the Amended Complaint, warranting summary judgment dismissing this action in its entirety as a matter of law.

    5.    True copies of the pleadings herein and the exhibits and transcripts referenced in said Memorandum of Law and in Defendants' Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 are annexed hereto as follows:

    (a)    Transcript of the deposition of plaintiff Bleron Baraliu (Exhibit "A" hereto).

    (b)    Transcript of the deposition of defendant Michael deSa (Exhibit "B" hereto).

    (c)    Employment agreement between plaintiff and defendant Vinya dated August 24, 2004 (Exhibit "C" hereto).

    (d)    Addendum dated April 11, 2005 (Exhibit "D" hereto).

    (e)    Addendum dated September 12, 2005 (Exhibit "E" hereto).

    (f)    Plaintiff's Response To Defendants' First Set of Interrogatories (Exhibit "F" hereto).

    (g)    Plaintiff's Amended Complaint (Exhibit "G" hereto).

    (h)    Defendants' Answer and Counterclaims (Exhibit "H" hereto).

(i) Plaintiff's Answer and Defenses to Defendants' Counterclaims (Exhibit "I" hereto).

(j) Court's Memorandum and Decision dated March 31, 2009 (Exhibit "J" hereto).

(k) 2005 tax return (first page) of defendant Vinya (Exhibit "K" hereto).

(l) 2006 tax return (first page) of defendant Vinya (Exhibit "L" hereto).

(m) Plaintiff's Original Complaint (Exhibit "M" hereto).

6. For the reasons set forth in the accompanying memorandum of law, the Court should grant the within motion in all respects.

_____
MORLAN TY ROGERS

Sworn to before me this
14th day of September, 2009

_____
Notary Public

DEBRA KOBRIN LEVY
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02KO6144314
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES APRIL 24, 2010

3